Filed:  July 16, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 00-1734

N&N Contractors, Incorporated,

Petitioner,

versus

Occupational Safety & Health Review Commis-
sion, et al.,

Respondents.

O R D E R

The court amends its opinion filed May 9, 2001, as follows:

On the cover sheet, section 1 -- the status is changed from "UNPUBLISHED" to "PUBLISHED."

On the cover sheet, section 6 -- the status line is changed to read "Petition denied by published opinion.  Judge Traxler wrote the opinion, in which Judge Wilkins and Judge Motz joined."

On page 2 -- the reference to use of unpublished opinions as precedent is deleted.

On page 2, first line of opinion -- "PER CURIAM" is changed to read "TRAXLER, Circuit Judge."

For the Court - By Direction


/s/ Patricia S. Connor
Clerk

PUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

N&N CONTRACTORS, INCORPORATED,
Petitioner,

v.

OCCUPATIONAL SAFETY & HEALTH
REVIEW COMMISSION; ALEXIS M.
HERMAN, SECRETARY OF LABOR,
Respondents.

No. 00-1734

On Petition for Review of an Order
of the Occupational Safety & Health Review Commission.
(96-606)

Argued: March 1, 2001

Decided: May 9, 2001

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

_____

Petition denied by published opinion. Judge Traxler wrote
the opinion, in which Judge Wilkins and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Randi Klein Hyatt, KOLLMAN & SHEEHAN, P.A.,
Baltimore, Maryland, for Petitioner. John Robert Shortall, UNITED
STATES DEPARTMENT OF LABOR, Washington, D.C., for
Respondents. **ON BRIEF:** Frank L. Kollman, KOLLMAN & SHEE-
HAN, P.A., Baltimore, Maryland, for Petitioner. Henry L. Solano,
Solicitor of Labor, Joseph M. Woodward, Associate Solicitor for
Occupational Safety and Health, Bruce F. Justh, Counsel for Appel-

late Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

_____

**OPINION**

TRAXLER, Circuit Judge:

N&N Contractors, Inc. ("N&N") petitions for review of an order of the Occupational Safety and Health Review Commission ("the Commission") holding that N&N violated 29 C.F.R. § 1926.501(b)(1) (1999), and assessing a penalty. We deny the petition.

I.

N&N is an erector of precast concrete panels. Krzysztos Radzicki was an employee of N&N working on the construction of a twelve-story building in the District of Columbia. On March 18, 1996, Radzicki was working on the edge of the eleventh floor in an area without guardrails or safety nets, but with a perimeter cable approximately six and a half feet from the edge that could be used as a tie-off point for safety harnesses.**1** While preparing to reset a precast column, Radzicki ducked under the cable without tying off, lost his footing, and plunged to his death.

Following an investigation, the Secretary of Labor ("the Secretary") charged N&N with a willful violation of 29 C.F.R. § 1926.501(b)(1), which requires that employees working on a surface "with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level shall be protected from falling by the use of guar-
_____

**1** A person normally "ties off" by securing a rope lanyard, which is attached to the safety harness worn by the worker, to a cable or some structure capable of supporting the person's weight.

drail systems, safety net systems, or personal fall arrest systems." The violation carried a proposed penalty of $49,000. The Secretary also cited N&N for willful failure to "provide a training program for each employee who might be exposed to fall hazards," 29 C.F.R. § 1926.503(a)(1) (1999), and for failure to prepare written certification of the training program, see 29 C.F.R. § 1926.503(b)(1) (1999).

N&N contested the citations and a hearing was held before an administrative law judge. See 29 U.S.C.A. §§ 659(c), 661(j) (West 1999). N&N withdrew its challenge to the charge of failing to prepare written certification of its training program, and the administrative law judge affirmed the other two violations. However, the judge recategorized the two violations from "willful" to "serious," and reduced N&N's penalty to $9,800 ($4,900 for each violation). Unsatisfied with the judge's decision, N&N petitioned the Commission for review. See 29 U.S.C.A. § 661(j). The Commission vacated the citation dealing with the inadequacy of N&N's training program, but affirmed the failure to take proper precautions to prevent falls and the corresponding $4,900 penalty. N&N now petitions this court for review of the Commission's decision.

II.

The Commission's findings of fact, "if supported by substantial evidence on the record considered as a whole, shall be conclusive." 29 U.S.C.A. § 660(a) (West 1999); George Hyman Constr. Co. v. OSHRC, 582 F.2d 834, 837 n.4 (4th Cir. 1978). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." NLRB v. Peninsula Gen. Hosp. Med. Ctr., 36 F.3d 1262, 1269 (4th Cir. 1994) (internal quotation marks omitted). Though substantial evidence must certainly amount to more than a scintilla, it may also be less than a preponderance. See AT&T Wireless PCS, Inc. v. City Council, 155 F.3d 423, 430 (4th Cir. 1998) As for the interpretation of regulations, this court must accord deference to the Secretary's interpretation so long as it is not unreasonable. See Martin v. OSHRC, 499 U.S. 144, 158 (1991).[2]

_____

[2] Under the Occupational Safety and Health Act of 1970, 29 U.S.C.A. §§ 651-78 (West 1999 & Supp. 2000), the Secretary is charged with crafting and enforcing safety standards in the workplace, and the Commission is charged with adjudicating matters concerning those standards. See Martin, 499 U.S. at 147.

3

To establish a violation of an occupational safety or health standard, the Secretary must prove by a preponderance of the evidence (1) the applicability of the standard, (2) the employer's noncompliance with the terms of the standard, (3) employee access to the violative condition, and (4) the employer's actual or constructive knowledge of the violation. See Secretary of Labor v. Brand Scaffold Builders, Inc., OSHRC Docket No. 00-1331, 2001 WL 118562, at *2 (Feb. 5, 2001).

First, N&N argues that the Commission erred in determining that N&N failed to comply with the standard. According to N&N, § 1926.501(b)(1) does not give adequate notice of its requirements because it fails to specify at what distance from an unprotected edge that fall protection must be used or indicate whether an employee is required to tie off before crossing perimeter cables. Section 1926.501(b) commands that an employee on an unprotected surface that is six feet or more above a lower level must be protected by the use of guardrails, safety nets, or safety harnesses. The plain language of the regulation identifies both the hazard to be guarded against and the specific safety precautions to be taken. Cf. Modern Continental/Obayashi v. OSHRC, 196 F.3d 274, 281 (1st Cir. 1999) (rejecting a vagueness challenge to a similarly worded regulation, 29 C.F.R. § 1926.501(b)(7)(ii), and concluding that "[t]he plain language identifies a specific hazard and delineates a specific precaution"). In this regard, the regulation is in no sense vague.

To the extent that the regulation is ambiguous because it does not specifically state the distance from the edge an employee should tie off or that the employee should tie off before crossing a perimeter cable, we must defer to the Secretary's interpretation if reasonable. See Martin, 499 U.S. at 158. The Secretary, along with the administrative law judge and the Commission, interprets the regulation as requiring the prescribed safety precautions be fully implemented before the employee is exposed to the hazard. In other words, an employee wearing a personal fall arrest system must be tied off the moment he is exposed to the hazard of falling. As the Secretary points out, a fall arrest system is useless unless it is properly secured as soon as the danger of falling arises. The Secretary's reading of the regulation is reasonable and consistent with the purpose of the Occupational Safety and Health Act of 1970: "[T]o assure so far as possible . . . safe and healthful working conditions" for "every working man and

4

woman in the Nation." 29 U.S.C.A. § 651(b) (West 1999); see also Bethlehem Steel Corp. v. Donovan, 727 F.2d 1358, 1362 (4th Cir. 1984) (considering "[t]he preventative intent of the regulation" and purposes of the Act when giving deference to the Secretary's interpretation). In the present case, Radzicki was six and a half feet away from an unprotected edge, yet ducked under the perimeter cable without tying off. Being so close to the edge, Radzicki encountered the obvious risk of falling without making use of his personal fall arrest system. See Corbesco, Inc. v. Dole, 926 F.2d 422, 427 (5th Cir. 1991) (taking into account "the obviousness of the hazard" when deciding whether a fall prevention regulation provided sufficient notice). This conduct is contrary to both the language of the regulation as well as the Secretary's reasonable interpretation. Cf. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (observing that reasonableness is the key to sufficient notice). Accordingly, the Commission did not err in concluding that N&N failed to comply with the applicable standard.

Second, N&N contends that the Commission should be reversed because Radzicki was not in the zone of danger. To establish employee exposure to a risk of injury, the Secretary must demonstrate "that it is reasonably predictable either by operational necessity or otherwise (including inadvertence), that employees have been, are, or will be in the zone of danger." Secretary of Labor v. Pete Miller, Inc., OSHRC Docket No. 99-947, 2000 WL 1810060, at *2 (Dec. 8, 2000). Given the nature of the work involved, erection of precast concrete panels on the unprotected edges of a multistory building, "by operational necessity" Radzicki was required to labor in an area where there was a risk of falling. See id. (finding that it was reasonably foreseeable an employee would enter the zone of danger due to "the nature of his work"). Radzicki's presence in the zone of danger was reasonably predictable, and therefore the Commission did not err in concluding that Radzicki was in the zone of danger.

Finally, N&N contends that it did not have constructive knowledge of the violation. An employer has constructive knowledge of a violation if the employer fails to use reasonable diligence to discern the presence of the violative condition. See Secretary of Labor v. Pride Oil Well Serv., OSHRC Docket No. 87-692, 1992 WL 215112, at *6 (Aug. 17, 1992). Factors relevant in the reasonable diligence inquiry

5

include the duty to inspect the work area and anticipate hazards, the duty to adequately supervise employees, and the duty to implement a proper training program and work rules. See id. at *6-7. The Commission agreed with the administrative law judge that constructive knowledge in this case was derived from evidence that N&N "employees had a tendency to ignore the use of fall protection while working on unprotected sides and edges." J.A. 616 (internal quotation marks omitted). Substantial evidence in the record supports this finding. In November 1995, the general contractor issued two safety violations to N&N. The first violation was for a laborer "working outside of perimeter protection without fall protection." J.A. 50. The second violation concerned three N&N employees working near the edge of the building without fall protection equipment, and a later incident where the men tied off to a portable machine that could not have supported their weight had there been a fall. See J.A. 50, 120-21. Finally, an N&N supervisor acknowledged discovering in early 1996 that N&N employees frequently came within two or three feet of the edge of the building without tying off. See J.A. 563. This disregard of fall prevention measures by N&N employees clearly supports the Commission's finding that N&N had constructive knowledge that Radzicki would enter the zone of danger without tying off.

Appealing to the law of this circuit, N&N claims that the Commission impermissibly shifted the burden of proof on the knowledge inquiry. In Ocean Electric Corp. v. Secretary of Labor, 594 F.2d 396 (4th Cir. 1979), we made clear that the burden concerning the adequacy of safety measures rests on the Secretary. Id. at 403; see also L.R. Willson & Sons, Inc. v. OSHRC, 134 F.3d 1235, 1240-41 (4th Cir. 1998). Contrary to N&N's assertion, the Commission acknowledged our decision in Ocean Electric, see J.A. 620, and found that the Secretary had met her burden in establishing constructive knowledge. Moreover, the Commission opinion indicates that the constructive knowledge inquiry did not turn on burden of proof rules, and therefore even if the Commission had impermissibly shifted the burden the error would be harmless. See Applewood Landscape & Nursery Co. v. Hollingsworth, 884 F.2d 1502, 1506 (1st Cir. 1989) (holding that even if the district court improperly allocated the burden of proof on a particular issue, the error was harmless because the district court's

6

decision on that issue turned on the weight of the evidence in the record and not on burden of proof rules).**3**

III.

For the foregoing reasons, we uphold the decision of the Commission. Accordingly, the petition is denied.

PETITION DENIED
_____

**3** N&N also argues that because Radzicki's failure to take adequate safety precautions amounted to an isolated incident, it is entitled to the affirmative defense of unpreventable employee misconduct. See Secretary of Labor v. Murray Roofing Co., OSHRC Docket No. 98-0923, 1999 WL 717820, at *5 (Sept. 3, 1999). As demonstrated in our discussion of N&N's constructive knowledge of the violation, the failure to tie off when in the zone of danger was not unique to Radzicki. Numerous N&N employees were guilty of the same violation. As with the constructive knowledge issue, N&N contends that the burden of proof was impermissibly placed on it. The Commission did not place the burden of proof on N&N, and even if the Commission had made such an error, the Commission's opinion indicates that the employee misconduct issue did not turn on burden of proof rules. See Hollingsworth, 884 F.2d at 1506. Accordingly, the Commission did not err in denying N&N the affirmative defense of unpreventable employee misconduct.

7